515 A.2d 894

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael SAYKO, Appellee.**

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Michael SAYKO, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1985.

Decided Sept. 30, 1986.

Ronald T. Williamson, Chief/Appeals Div., J. William Ditter, III, G. Alan Bailey, Larry J. Folmar, Bart Tuttle, Asst. Dist. Attys., for Com.

Douglas M. Johnson, Chief/Appeals Div., Francis M. Walsh, Appellate Public Defenders, for Sayko.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA, and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

These are cross-appeals filed by the Commonwealth and by defendant below. The defendant, Michael Sayko, entered the home of the four year old victim in this case, in his

employment as an exterminator of insects and rodents. While in the home he induced the child to sit on his lap, put his hand under her shirt, touched her chest, exposed his genitals and had the child touch him. He ejaculated on her hands. He was charged with indecent assault,[1] indecent exposure,[2] and corrupting the morals of a minor,[3] to all of which he pled guilty.

The trial judge sentenced him separately on each charge. The defendant received consecutive terms of one to two years for indecent exposure, one to two years for indecent assault, and five years probation for corruption of minors. A petition to withdraw the pleas of guilty[4] was denied, and the Superior Court affirmed, *per curiam. Commonwealth v. Sayko*, 274 Pa.Super. 628, 423 A.2d 1303 (1979). Defendant Sayko now complains, as he did before the Superior Court, that separate sentences for each charge were in error.

The Superior Court agreed that at least one of the charges merged with the corruption charge and remanded for re-sentencing. However, that court declined the defendant's contention that the corruption charge should be the one vacated. *Commonwealth v. Sayko*, 333 Pa.Super. 265, 482 A.2d 559 (1984). From that order both the defendant and the Commonwealth sought allowance of appeal: Sayko because he was unsatisfied that the corruption of minors sentence was not merged into one of the second degree misdemeanor offenses; and the Commonwealth because they were dissatisfied that any of the charges merged with the corruption charge. We granted appeal, and for the reasons that follow, hold that none of the charges merge; that they are separate, distinct criminal acts; and that the

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3127.

2. Act of December 6, 1972, P.L. 1482, No. 334, § 1, *as amended,* 18 Pa.C.S. § 3126.

3. Act of December 6, 1972, P.L. 1482, No. 334, § 1, *as amended,* 18 Pa.C.S. § 3125 (subsequently repealed); *see* 18 Pa.C.S. § 6301.

4. The petition to withdraw the guilty pleas was based on appellee's contention that the charges for indecent assault and indecent exposure should have merged for sentencing purposes.

defendant may be sentenced on each separately, concurrently or consecutively.

The issue here is not a question of double jeopardy, nor has the defendant appealed on such ground. If he did, it would, upon our analysis, be unfruitful. Double jeopardy prohibits the imposition of more than one punishment for the same offense, *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); the defendant here was sentenced for separate, different criminal acts. Essentially the issue here is under what circumstances acts committed during a criminal transaction merge into a single crime.

The penal laws prohibit different acts for different reasons, and because different prohibited criminal acts are committed against the same person at the same time does not lessen the reason why they are prohibited. The penal sanction is designed to prevent any criminal act; if more than one is committed, and each violates a different protected interest, a separate sanction may follow.

The General Assembly may discern by statute different interests to be protected in the same person during a criminal transaction. There is a difference in fact and in consequence between an indecent touching and an indecent exposure; and a profound difference between both acts and the corruption of a minor. Each contain different elements designed to protect different interests. The corruption of a minor child can only be committed against a minor child, hence the interest to be protected and the age of the victim are elements [5] different from those of indecent assault [6] and

5. 18 Pa.C.S. § 3125 provided in pertinent part as follows:
Corruption of minors
   (a) Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree.

6. Indecent Assault is defined as follows:
   § 3126. Indecent Assault

indecent exposure,[7] which offenses can be perpetrated against anyone, young or old. So too, are there different interests and different elements dividing an indecent touching and an indecent exposure.

■ The doctrine of merger has been invoked to limit duplicitous sentencing where one crime "necessarily involves" another, *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1973); *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941), or where a defendant committed what in effect amounts to a single criminal act, *Commonwealth v. Crocker*, 280 Pa.Super. 470, 421 A.2d 818 (1980). *See* also, *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985), wherein the Superior Court *en banc* recently scrutinized these and related questions.[8]

> A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:
> (1) he does so without the consent of the other person
> (2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct;
> (3) he knows that the other person is unaware that a indecent contact is being committed;
> (4) he has substantially impaired the other person's power to appraise or control his or her conduct, by administering or employing without the knowledge of the other drugs, intoxicants or other means for the purposes of preventing resistance; or
> (5) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him.
> 18 Pa.C.S. § 3126.

7. Indecent exposure is defined as follows:
   § 3127. Indecent Exposure
   A person commits a misdemeanor of the second degree if, for the purpose of arousing or gratifying sexual desire of himself or of any person other than his spouse, he exposes his genitals under circumstances in which he knows his conduct is likely to cause affront or alarm.
   18 Pa.C.S. § 3127.

8. In *Commonwealth v. Williams*, 344 Pa.Super. 108, 496 A.2d 31 (1985), the Superior Court *en banc* engaged in a careful, thorough exposition of the doctrine of merger. In a majority opinion by the Honorable Vincent A. Cirillo, the Court traced the development of the

■ This Court has already determined that a single act which injures multiple victims may form the basis for multiple sentences without violating double jeopardy principles. *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984). Inasmuch as *Frisbie* involved multiple victims injured by a single act,[9] and there was but one victim instantly, *Frisbie* is not dispositive of the present case. Nevertheless that decision bears on this case since the majority in *Frisbie* explicitly disapproved the proposition, endorsed in *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976), that "[w]here there is but one act of cause of injury, or death of a number of persons, there is but one injury to the Commonwealth ..." *Id.*, 468 Pa. at 331, 362 A.2d at 231 (citation omitted). *Frisbie*, 506 Pa. at 462, 485 A.2d at 1099.

Having rejected the proposition that a single act may never support multiple punishments, the question remains as to whether multiple punishments must merge where there is but a single victim. This question was addressed in the context of the prohibition against double jeopardy in *Commonwealth v. Norris*, 498 Pa. 308, 446 A.2d 246 (1982). In that case this Court upheld separate sentences for rape and corruption of a minor where the single act of sexual intercourse formed the basis for both offenses. In an opinion by Mr. Justice Hutchinson, the majority embraced the following rationale:

Clearly, unlike the situation in *Walker*, the Commonwealth has suffered two injuries from appellant's single act in that appellant not only engaged in forcible intercourse with an individual who was not his spouse, but

merger doctrine in this jurisdiction, contrasted its application with that of double jeopardy, and analyzed the relevant precedent impinging on both merger and double jeopardy.

9. In a concurring opinion, Chief Justice Nix agreed with the majority that no double jeopardy concerns were implicated, but disagreed with the majority's characterization of the driving of an automobile as a single act. *Commonwealth v. Frisbie*, 506 Pa. 461, 468–469, 485 A.2d 1098, 1101 (1984).

also corrupted the morals of a child under the age of eighteen.

*Id.*, 498 Pa. at 319, 446 A.2d at 251 (footnotes omitted).

■ While *Norris* was framed in a double jeopardy context, we find the approach undertaken therein, focusing on whether there has been more than one Commonwealth interest injured, to be of sound application in the merger context as well.[10] In the instant case, as in *Norris*, there were two fundamentally different Commonwealth interests involved when the defendant committed the act comprising indecent exposure in the presence of his minor victim. Not only did the defendant violate the Commonwealth's interest in proscribing exhibitionism and in shielding any victim from such conduct, he also violated the Commonwealth's interest in protecting minors from corrupting influences, the consequences of which may follow them all their days. Alternatively, as regards the indecent assault charge, the defendant violated the victim's right to be free from such offensive touching, while at the same time violating the Commonwealth's interest in protecting minors from any further consequences of that touching. We therefore hold that the offenses charged do not merge and that it was not error for the lower court to sentence the defendant separately on each offense charged.

Accordingly, judgment of sentence is reinstated.

LARSEN, J., joins in the majority opinion and files a separate concurring opinion.

NIX, C.J., and ZAPPALA, J., note their dissent.

LARSEN, Justice, concurring.

I join with the majority but write separately to point out that this Court *explicitly overruled Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976) in the case of

10. See also, *Williams, supra,* wherein the Superior Court *en banc* concluded: We hold that separate punishments may be imposed for a single, indivisible act where the act includes conduct proscribed by separate statutes each of which seeks to prevent a substantially different harm or evil." 344 Pa.Super. at 143, 496 A.2d at 50.

*Commonwealth v. Frisbie,* 506 Pa. 461, 485 A.2d 1098 (1984) (opinion by Larsen, J.), wherein we held:

> [In *Walker*], [t]his Court did state ... that "[w]here there is but one act of cause of injury, or death of a number of persons, there is but one injury to the Commonwealth, ..." [468 Pa.] at 331, 362 A.2d at 231, and that "it is beyond the power of a court imposing sentence to impose multiple sentences on a defendant for a single act." *Id.,* 468 Pa. at 330 n. 3, 362 A.2d at 230 n. 3. To the extent that the above-quoted language from *Walker* conflicts with our holding today, *Walker* is hereby expressly overruled.
>
> * * * * * *
>
> [W]e hold that the imposition of multiple sentences upon a defendant whose single unlawful act injures multiple victims is legislatively authorized and, consequently, does not violate the double jeopardy clause of the Fifth Amendment.

506 Pa. at 465, 467, 485 A.2d at 1099, 1101.