544 A.2d 1389

**COMMONWEALTH of Pennsylvania**

v.

**Tarry L. BECHTEL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1988.

Filed July 25, 1988.

Robert B. MacIntyre, Harrisburg, for appellant.

Yvonne A. Okonieski, Deputy District Attorney, Harrisburg, for Com., appellee.

Before MONTEMURO, CERCONE and HESTER, JJ.

CERCONE, Judge:

■ This is a case in which the trial court imposed separate sentences on the defendant all within the statutory limits for indecent assault and corruption of a minor arising out of a single incident. The issue of the imposition of separate sentences was not raised on direct appeal whereupon appellant filed a P.C.H.A. petition challenging the imposition of separate sentences and raised the claim of ineffectiveness of counsel for not objecting to the sentences. This the appellant has the right to do. *Commonwealth v. Ris-*

*po,* 222 Pa.Super. 309, 294 A.2d 792 (1972), allocatur refused, 222 Pa.Super. xxxii (1972).

The trial took place on October 18, 1982 and appellant's brief discloses the following facts:

The victim who was twelve (12) years of age had been granted permission by her parents to accompany appellant and his daughters to a skating party on February 14, 1982. Victim's parents also granted permission for the victim to spend the preceding night with appellant and his children.

Victim alleged that while being transported by appellant to his home, appellant parked his van, exposed his penis, forced the victim to touch his penis and touched the victim's vaginal area from outside her clothes. Appellant denied physical conduct with the victim.

Timely post verdict motions were filed following conviction alleging various trial errors. These motions were denied and sentence was imposed on December 15, 1983. Incarceration of not less than two (2) years nor more than five (5) years was imposed for the corruption of minors conviction and a concurrent sentence of eleven (11) months to twenty-three (23) months was imposed for the conviction of indecent assault. Appellant was given credit for time served, some twenty (20) months, twenty (20) days.

Direct appeal was taken to the Pennsylvania Superior Court which affirmed the judgment of sentence on March 29, 1985, *Commonwealth v. Bechtel,* 343 Pa.Super. 604, 494 A.2d 476 (1985). A Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied on September 16, 1985, No. 170 M.D. Allocator Docket 1985.

The issue of legality of sentencing was not raised on direct appeal. Petitioner [then] filed a Post Conviction Hearing Act Petition ... challenging the legality of the sentences imposed by the trial Court.

■ In the case of *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976), a single sentence for the crimes of

rape and statutory rape was imposed, both acts being committed by force. In that case the Supreme Court of Pennsylvania held that when carnal knowledge is had by use of force there is no need to discuss rape vis-a-vis statutory rape because the act of force constitutes the crime of rape in either case in which event only one sentence was proper. However, in the instant case, separate statutory crimes were committed; that is, indecent assault and corruption of a minor.[1] Each crime involves a particular interest of the Commonwealth in protection against said crimes. As the Supreme Court in *Commonwealth v. Norris*, 498 Pa. 308, 446 A.2d 246 (1982), held, conviction for rape and corruption of a minor arising from the same act of sexual intercourse properly resulted in separate sentences being imposed. The court in *Norris* said:

> [T]he Commonwealth suffered two injuries from appellant's single act in that appellant not only engaged in forcible intercourse with an individual that is not his

---

1. "Corruption of minors" is defined in 18 Pa.C.S.A. § 6301, in relevant part, as follows:

   (a) Offense defined.—Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any child under the age of 18 years, or who aids, abets, entices or encourages any such child in the commission of any crime, or who knowingly assists or encourages such child in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree ...

   "Indecent assault" is defined in 18 Pa.C.S.A. § 3126, in relevant part, as follows:

   A person who has indecent contact with another not his spouse, or causes such other to have indecent contact with him is guilty of indecent assault, a misdemeanor of the second degree, if:

   (1) he does so without the consent of the other person;

   (2) he knows that the other person suffers from a mental disease or defect which renders him or her incapable of appraising the nature of his or her conduct;

   (3) he knows that the other person is unaware that an indecent contact is being committed;

   (4) he has substantially impaired the other person's power to appraise or control his or her conduct, by administering or employing without the knowledge of the other drugs, intoxicants or other means for the purposes of preventing resistance; or

   (5) the other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over him.

spouse, but also corrupted the morals of a child under the age of 18. Nor does the imposition of separate sentences in this instance violate the "same offense" doctrine first articulated in *Blockburger v. U.S.*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). *See Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981).

498 Pa. at 319, 446 A.2d at 251–52. (footnotes omitted)

The *Norris* case was decided on June 1, 1982, prior to the time of appellant's trial and is, thus, applicable in this case. *Commonwealth v. Sayko*, 511 Pa. 610, 515 A.2d 894 (1986), carried out the principles enunciated in *Norris*. In *Sayko*, the court held:

The penal laws prohibit different acts for different reasons, and because different prohibited criminal acts are committed against the same person at the same time does not lessen the reason why they are prohibited. The penal sanction is designed to prevent any criminal act; if more than one is committed, and each violates a different protected interest, a separate sanction may follow.

The General Assembly may discern by statute different interests to be protected in the same person during a criminal transaction. *There is a difference in fact and in consequence between an indecent touching and an indecent exposure; and a profound difference between both acts and the corruption of a minor. Each contain different elements designed to protect different interests.* The corruption of a minor child can only be committed against a minor child, hence the interest to be protected and the age of the victim are elements different from those of indecent assault and indecent exposure, which offenses can be perpetrated against anyone, young or old.

*Id.*, 511 Pa. at 613–14, 515 A.2d at 895–96. (emphasis added) (footnotes omitted) [2]

Order affirmed.

**2.** *See Commonwealth v. Sayko, supra,* for discussion of the Doctrine of Merger as limiting duplicitous sentencing and punishments.