**COMMONWEALTH of Pennsylvania,** Appellee

v.

**Randy FISHER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2001.

Filed Nov. 19, 2001.

Joseph P. Burt, Public Defender, Erie, for appellant.

Joseph P. Conti, Assistant District Attorney, Erie, for Com., appellee.

Before: STEVENS, LALLY–GREEN, and BROSKY, JJ.

STEVENS, J.

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Erie County on November 7, 1997, following Appellant's plea of guilty to charges of rape,[1] indecent assault,[2] and corruption of minors.[3] Herein, Appellant contends that the charge of corruption of minors should have been merged with the charge of indecent assault. We affirm.

¶ 2 The charges in the present case arose out of two incidents that occurred during June and July of 1997 between Appellant and his four-year-old step-grandson (hereinafter "Victim"). A review of the criminal information reveals that on the days in question, Appellant removed Victim's shorts and undershorts, his own shorts and undershorts, and proceeded to rub his penis against Victim's buttocks and then place his penis into Victim's anus. Appellant informed Victim that this was their secret, and, thus, Victim was not permitted to tell anyone what Appellant had done to him. Criminal Information filed 9/26/97; *See* N.T. 10/9/97 at 14–16. Appellant was later charged with a number of sex-related offenses.

¶ 3 Thereafter, pursuant to a plea agreement, Appellant pleaded guilty to charges of rape, indecent assault, and corruption of minors. On November 7, 1997, he was sentenced to an aggregate six and one half to twenty-three year term of imprisonment.[4] In accepting Appellant's

---

1. 18 Pa.C.S.A. § 3121(6).

2. 18 Pa.C.S.A. § 3126(a)(7).

3. 18 Pa.C.S.A. § 6301(a)(1).

4. The court imposed a five (5) to twenty (20) year term of imprisonment for the charge of rape; a consecutive nine (9) to eighteen (18) month term of imprisonment for indecent as-

plea and imposing sentence, the trial court, relying on its opinion and order in *Commonwealth v. Williams*, Court of Common Pleas, Docket No. 922 of 1997 and Docket No. 83 W.D. Appeal Docket 1997, deemed unconstitutional the provisions of Megan's Law, 42 Pa.C.S.A. §§ 9791–9799.6, as these provisions related to a determination of Appellant's status as a sexually violent predator, and the imposition of mandatory sentencing penalties pursuant to such determination. *See* N.T. 10/9/97 at 17–20; N.T. 11/7/97 at 10–11. The Commonwealth filed a Motion to Modify/Reconsider Sentence, which was denied by the court on November 14, 1997.

¶ 4 Thereafter, both the Commonwealth and Appellant appealed the judgment of sentence entered by the trial court. Following the parties' filing of concise statements of matters complained of on appeal, the trial court issued an opinion in accordance with Pa.R.A.P.1925(a). Upon review before the Supreme Court, *See* 42 Pa.C.S.A. § 722(7),[5] the Court, by Order dated September 8, 1999, affirmed the Order of the trial court dated November 7, 1997, and remanded for disposition of any remaining issues.

■ ¶ 5 The matter is now before this Court to address Appellant's claim that the trial court erred in failing to merge the charge of corruption of minors with that of indecent assault for sentencing purposes. In addressing this claim, we are guided by the Supreme Court's decision in *Commonwealth v. Anderson*, 538 Pa. 574, 577, 650 A.2d 20, 21 (1994),[6] in which the Court stated that "the doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." The Court reasoned that "the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." Id. at 579, 650 A.2d at 22. The Court opined that the operative inquiry is:

> [W]hether the elements of the lesser crime are included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge.

*Anderson*, 538 Pa. at 582, 650 A.2d at 24 (footnotes omitted). We note, however, that the specific facts underlying each conviction must also be considered. *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998).

■ ¶ 6 Indecent assault is defined, in pertinent part, as follows:

> A person who has indecent contact with the complainant or causes the com-

---

sault; and a consecutive nine (9) to eighteen (18) month term of imprisonment for corruption of minors. N.T. 11/7/97 at 23–24.

5. Title 42 Pa.C.S.A. § 722 states, in pertinent part, as follows:

> The Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in the following classes of cases:
>
> * * *
>
> (7) Matters where the court of common pleas has held invalid as repugnant to the Constitution, treaties or laws of the United States, or to the Constitution of this Commonwealth, any treaty or law of the United States or any provision of the Constitution of, or of any statute of, this Commonwealth, or any provision of any home rule charter.

42 Pa.C.S.A. § 722(7).

6. In *Anderson, supra,* the Court reaffirmed its holding in *Commonwealth v. Williams*, 521 Pa. 556, 559 A.2d 25 (1989) (sentences only merge if one offense is a lesser included offense of the other).

plainant to have indecent contact with the person is guilty of indecent assault if:

* * *

(7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

¶ 7 As noted above, Appellant was also convicted of corruption of minors, which is defined, in relevant part, as follows:

Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S.A. § 6301(a)(1).

¶ 8 In *Commonwealth v. Sayko,* 511 Pa. 610, 515 A.2d 894 (1986), the Supreme Court addressed a situation in which a defendant, in the course of his employment, entered the home of a four-year-old victim. While in the home, the defendant induced the victim to sit on his lap, placed his hands under the victim's shirt touching her chest, exposed his genitals, had the victim touch him, and then ejaculated on the victim's hands. The defendant was charged with indecent assault, indecent exposure, and corruption of minors. Following the entry of a guilty plea, the defendant was sentenced separately on each charge. In determining, *inter alia,* whether the corruption of minors sentence should have been merged with either the charge of indecent assault or indecent exposure and concluding that merger should not occur, the Court stated that:

The General Assembly may discern by statute different interests to be protected in the same person during a criminal transaction. There is a difference in fact and in consequence between an indecent touching and an indecent exposure; and a profound difference between both acts and the corruption of a minor. Each contain different elements designed to protect different interests. The corruption of a minor child can only be committed against a minor child, hence the interest to be protected and the age of the victim are elements different from those of indecent assault and indecent exposure, which offenses can be perpetrated against anyone, young or old.

*Sayko,* 511 Pa. at 613–614, 515 A.2d at 895–896 (footnotes omitted).

■ ¶ 9 In order to be convicted of indecent assault, it must be shown that the defendant had indecent contact with the victim. 18 Pa.C.S.A. § 3126(a)(7). An individual is guilty of corruption of minors if the individual, *inter alia,* performs any act that corrupts or tends to corrupt the morals of any child under the age of 18. 18 Pa.C.S.A. § 6301(a)(1). A corruption of minors charge, therefore, encompasses any such act, "the consequence of which transcends any specific sex act and is separately punishable." *Commonwealth v. Hitchcock,* 523 Pa. 248, 253, 565 A.2d 1159, 1162 (1989).

¶ 10 As evidenced by the above discussion of the statutory elements of corruption of minors and indecent assault, corruption of minors is not a lesser included offense of indecent assault. Appellant, in fact, concedes that "[b]y their statutory elements alone, [ ] the offense of corruption of a minor is not necessarily a lesser-included offense of indecent assault." Therefore, based on the lesser included offense analysis, *See Anderson, supra,* the

offenses in the present case do not merge for sentencing purposes.

¶ 11 In addition, further analysis into the facts underlying each conviction, *See Comer, supra,* does not compel a different determination. Specifically, at the time of sentencing, the trial court stated that "the facts which are the predicate for the indecent assault charge are the facts which indicate that [Appellant] admitted he rubbed his penis on the buttocks area of [Victim] in this case .... " N.T. 11/7/97 at 13. The charge for corruption of minors included Appellant's conduct of informing Victim that what he had done to him was their secret and he was not to tell anyone. Criminal Information filed 9/26/97; *See* N.T. 10/9/97 at 16. Thus, the charges of indecent assault and corruption of minors are based on separate and distinct conduct.[7] As such, the trial court did not err in failing to merge the convictions for sentencing purposes. *See Sayko, supra; See also Commonwealth v. Bechtel,* 375 Pa.Super. 596, 544 A.2d 1389 (1988).

¶ 12 Based on the foregoing, the judgment of sentence is affirmed.

¶ 13 Affirmed.

---

7. Appellant argues that this Court's decision in *Commonwealth v. Smith,* 772 A.2d 75 (Pa.Super.2001) (*en banc*) requires a finding that the charges of indecent assault and corruption of minors merge. We disagree. *Smith* involved a determination as to whether, based on the facts of the consolidated cases presented, the offenses of statutory sexual assault and corruption of minors merge for sentencing purposes.