J-S74036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY CROZIER | |
| Appellant | No. 88 EDA 2016 |

Appeal from the Judgment of Sentence November 16, 2015
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002065-2012

BEFORE:  OTT, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY RANSOM, J.:                    **FILED NOVEMBER 08, 2016**

Anthony Crozier (Appellant) appeals from the judgment of sentence of six to twenty years of incarceration plus three concurrent, one to five year terms following a bench trial resulting in his conviction for criminal solicitation to commit involuntary deviate sexual intercourse (IDSI) with a child, criminal solicitation to commit indecent assault with a person less than thirteen years of age, criminal solicitation to commit corruption of minors, and criminal solicitation to commit sexual exploitation of children.[1]  We affirm.

---

[1] *See* 18 Pa.C.S. § 902(a); *see also* §§ 3123(b), 3126(a)(7), 6301(a)(1)(i), and 6320(a).

*Former Justice specially assigned to the Superior Court.

In December of 2011, Appellant and H.E. (mother) met on AshleyMadison.com and exchanged a series of messages. Notes of Testimony (N.T.), 4/1/15, at 11. Later that month, Appellant and H.E. met in person on the day H.E. lost her job and she performed oral sex on him. *Id*. at 15. On January 17, 2012, during a phone conversation Appellant inquired whether H.E. had obtained employment and when she responded she had not, he offered to pay H.E. if her daughter gave him a hand job. *Id*. at 10, 16-17. H.E. initially thought Appellant was referring to her then eighteen-year-old daughter, however, Appellant corrected H.E. to clarify he was inquiring about H.E.'s eleven-year-old daughter. *Id*. at 16-17, 75. H.E. got off the phone and the next day met with Detective Joseph Rudner, Jr. of Souderton Police Department. *Id*. at 18-19, 73-74. H.E. informed Detective Rudner that Appellant had offered her $100 in exchange for a hand job from her daughter. *Id*. at 174-78. Subsequently, H.E. consented to having her phone calls recorded, and was directed to call Appellant. *Id*. at 27-28.[2]

A series of three calls were recorded on February 16th, 19th, and 20th of 2012.[3] *Id*. at 87-88. During the February 16, 2012 phone call, Appellant confirmed the age of the child, confirmed that he would get sexual contact

_____

[2] H.E. spoke to Appellant again via phone on January 22, 2012, however this conversation was not recorded. N.T., 4/1/15, at 86-89, 92.

[3] The audio of the three calls, marked as Commonwealth's Exhibit 7, were played in court and the transcripts of the calls were marked into evidence as Defense Exhibit 4. N.T., 4/1/15, at 136-39, 122.

with her in exchange for money, and suggested the eleven-year-old give him a hand job or a blow job. H.E. told Appellant that he would need to bring a condom if he intended to have intercourse with the child. Appellant asked H.E. at least three times how she would explain the sex acts to her daughter and asked if H.E. had a picture of the child on her cell phone. He also inquired if the child had "any titties" and told H.E. that he was physically aroused due to their conversation.

In the second call on February 19, 2012, Appellant and H.E. discussed the arrangement further. H.E. explained that Appellant should leave his car at a park close to her house around noon and she would walk him to her home in Montgomery County. During this discussion, Appellant masturbated while asking how the encounter with the child would go. Appellant attempted to confirm that the child would give him a hand job or a blow job. Appellant asked at least six times how H.E. explained the proposed encounter with her child, including how the child reacted during the explanation. He asked how the child would be dressed and inquired as to whether the child had "a little skirt" she could wear.

In the third conversation on February 20, 2012, Appellant confirmed that he was on the way to the meeting place. *Id*. at 29-30. The next day Appellant arrived at the prearranged meeting location where he was arrested. *Id*. at 138-39. Thereafter Appellant gave a statement to police

wherein he admitted he had offered to pay H.E. "a couple of bucks" to have sexual contact with her daughter. *Id*. at 148-49.

Following a bench trial in April of 2015, the court found Appellant guilty of criminal solicitation to commit involuntary deviate sexual intercourse with a child, criminal solicitation to commit indecent assault with a person less than thirteen years of age, criminal solicitation to commit corruption of minors, and criminal solicitation to commit sexual exploitation of children. Appellant was sentenced to six to twenty years on the charge of criminal solicitation to commit involuntary deviate sexual intercourse; and one to five years' incarceration for each remaining charge, to run concurrently. Appellant filed post-sentence motions, which were denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant presents the following questions for our review:

1. Whether Appellant's conduct did not meet the elements of any of the crimes charged. Whether the trial court erred in denying Appellant's challenge to the sufficiency of the evidence and in finding Appellant guilty beyond a reasonable doubt.

2. Whether the trial court precluded defense counsel from testing the witness' credibility in a truly meaningful and effective manner.

3. Whether the trial court failed to properly merge the sentences.

4. Whether the trial court erred in denying Appellant's challenge to the discretionary aspects of sentencing. The sentence was excessive under the circumstances and manifestly unreasonable where the [Appellant's] guidelines were much lower

than the sentence he received and the court exceeded the guidelines without just cause.

Appellant's Brief at 10.

In his first issue, Appellant challenges the sufficiency of the evidence presented at trial. Appellant avers he lacked the intent to commit any of the aforementioned crimes, as the testimony of H.E. was unreliable, the text messages between he and H.E. were indicative of his desire for H.E. alone, and "there was nothing more than talk." Appellant's Brief at 17-45, 35.

When examining a challenge to the sufficiency of the evidence, our standard of review is:

> [W]hether there was sufficient evidentiary support for a jury's finding to this effect, the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

*Commonwealth v. Diggs*, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).

A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another person to engage in specific conduct which would

constitute such crime or which would establish his complicity in its commission or attempted commission. 18 Pa.C.S.A. § 902.

"A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3123(b).

Pennsylvania's Crimes Code governs indecent assault and provides in pertinent part:

> A person who has indecent contact with the complainant or causes the complainant to have indecent contact with the person[,] is guilty of indecent assault if:
> * * *
> (7) the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). Indecent contact is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

The statutory prohibition against corruption of minors and sexual exploitation of children provide as follows:

### § 6301 Corruption of minors

> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(i). A corruption of minors charge, therefore, encompasses any such act the consequence of which transcends any specific

sex act and is separately punishable. *Commonwealth v. Fisher*, 787 A.2d

992, 995 (Pa. Super. 2001) (citing *Commonwealth v. Hitchcock*, 565 A.2d

1159, 1162 (Pa. 1989)).

**§ 6320. Sexual exploitation of children**

(a) Offense defined.--A person commits the offense of sexual exploitation of children if he procures for another person a child under 18 years of age for the purpose of sexual exploitation.
***
(c) Definitions.--As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

"Procure." To obtain or make available for sexual exploitation.

"Sexual exploitation." Actual or simulated sexual activity or nudity arranged for the purpose of sexual stimulation or gratification of any person.

18 Pa.C.S.A. § 6320(a).

Our review of the evidence in the record supports the court's verdict

that Appellant encouraged and/or requested H.E. to procure her eleven-

year-old daughter to engage in the criminal acts of IDSI and indecent

assault, activities that would tend to corrupt the morals of any minor.

According to Appellant, the testimony of H.E. was unreliable. We note

this portion of Appellant's argument merely attacks the *credibility* of H.E.

and thus risks waiver.[4] Appellant's Brief at 17-45. Appellant selectively

_____

[4] *See Commonwealth v. Gibbs*, 981 A.2d 274, 281–82 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (An argument regarding the credibility of a witness's testimony "goes to the weight of the evidence, not the
*(Footnote Continued Next Page)*

quotes from the text messages and phone transcripts in his brief in an attempt to establish that his propositions were just talk and evidenced a desire for H.E. alone. Appellant's Brief at 35.

Appellant's contention that his mere communication is not enough to amount to the crime of solicitation is incorrect. Appellant relies heavily on **Commonwealth v. Mlinarich**, 542 A.2d 1335 (Pa. 1988) which he summarizes thusly, "the Pennsylvania Supreme Court held that **solicitation had not occurred in Milnarich [*sic*] where the alleged statements amounted to no more than suggestion.**" Appellant's Brief at 35. (emphasis in the original). However, solicitation was not a crime charged in **Mlinarich**. As such, the case is inapposite. Appellant also cites a passage from **Commonwealth v. Hacker**, 959 A.2d 380, 387 (Pa. Super. 2008), *rev'd*, 15 A.3d 333 (Pa. 2011), which was expressly reversed by our Supreme Court in 2011.[5] In its reversal, our Supreme Court reasoned:

> The purpose of the solicitation statute is to hold accountable those who would command, encourage, or request the commission of crimes by others… The statute requires proof of

<hr />

*(Footnote Continued)*

sufficiency of the evidence."). We note that Appellant failed to challenge to the weight of the evidence before the trial court prior to sentencing or in his post-sentence motion. **See** Pa.R.Crim.P. 607(A)(1)(3); **Commonwealth v. Gillard**, 850 A.2d 1273, 1277 (Pa. Super. 2004) ("As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived.").

[5] We note that Appellant failed to provide the full citation for the case, which would have indicated its reversal. Appellant's Brief at 39.

such encouragement, but with the intent to accomplish the acts which comprise the crime, not necessarily with intent specific to all the elements of that crime, much less those crimes with elements for which scienter is irrelevant.

***Commonwealth v. Hacker***, 15 A.3d 333, 336 (Pa. 2011).

A complete reading of the transcript between Appellant and H.E. reveals that Appellant persistently questioned H.E. about the specific, sexual conduct he could accomplish with her daughter, while trying to determine the child's physical development and proposing clothing the child could wear during the sex acts. Further, Appellant repeatedly inquired about H.E.'s process in explaining the encounter to the child, and while under the impression that the discussions had occurred between the mother and daughter, he actively attempted to determine the child's level of interest and understanding of the proposed conduct. Defense Exhibit 4 at 7-12, 15-22.

Appellant also submits that the absence of $100 and a condom on his person is probative of his lack of intent to have sexual contact with the child. Appellant's Brief at 33. Appellant's argument ignores the fact that his questions to H.E. in their February 16th and February 19th telephone conversations describe specific conduct proscribed by statute as deviate sexual intercourse and indecent assault, *i.e.*, (1) that H.E.'s eleven-year-old daughter would place Appellant's penis in her mouth and (2) that the child

would touch Appellant's genitals for his sexual gratification.[6]  **See** 18 Pa.C.S.A. § 3101 (defining "deviate sexual intercourse" as sexual intercourse per os or per anus between human beings); 18 Pa.C.S.A. § 3101.

Taken in their entirety, Appellant's communications with H.E. could reasonably have been found by the trial court to have constituted encouragement to (1) sexually exploit the child, (2) commit IDSI, (3) commit indecent assault and (4) corrupt the morals of a minor.  Additionally, the evidence supports the finding that the encouragement to commit the aforementioned crimes involved Appellant's meeting H.E. on a specific date and at a specific time, namely, on February 20, 2012, at 12:00 p.m., in the parking lot of a designated park in Montgomery County, Pennsylvania. Accordingly, Appellant's first issue is without merit.

In Appellant's second issue, he avers that defense counsel was precluded from testing H.E.'s credibility in a truly meaningful and effective manner.  Appellant's Brief at 55-56.  Specifically, Appellant argues that the trial court abused its discretion in sustaining an asked and answered objection by the Commonwealth.  **Id**.

A trial court has discretion to determine both the scope and the permissible limits of cross-examination.  **Commonwealth v. Briggs**, 12

---

[6] It is apparent from the transcripts that bringing a condom was a condition precedent specific to Appellant having intercourse with the child.  This manner of sexual contact was not discussed further, thus, the absence of a condom is negligible.

A.3d 291, 335 (Pa. 2011) (citing **Commonwealth v. Rivera**, 983 A.2d 1211, 1230 (Pa. 2009)). The trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of that discretion, or an error of law. **Id**. at 335 (quoting **Commonwealth. v. Birch**, 616 A.2d 977, 978 (Pa. 1992) (internal quotation marks omitted)).

Trial counsel twice attempted to establish that H.E. was upset that Appellant had not called her after their meeting in December. N.T., 4/1/15, at 64, 72. As noted by the trial court:

> Because… defense counsel on two occasions asked [H.E.] the same question, the Commonwealth's objection to the third attempt on recross examination was properly sustained. Not only was this objection properly sustained, this [court] completely rejects the claim that defense counsel was precluded from testing [H.E.]'s credibility in a meaningful way. In fact, defense counsel's cross-examination [of] [H.E.] consumes 100 pages in the notes of testimony even though her direct testimony consumes only 18 pages. These pages of testimony are replete with defense counsel testing [H.E.'s] credibility.

Trial Court Opinion, 1/28/16, 17-18.

We find no abuse of discretion in the trial court's decision to sustain the Commonwealth's asked and answered objection.

Third, Appellant avers that the trial court failed to properly merge the criminal solicitation sentences to commit involuntary deviate sexual intercourse with a child, indecent assault with a person less than thirteen years of age, and corruption of minors. Appellant's Brief at 46-54. Specifically, Appellant argues:

> Since the [c]orruption statute incorporates an unlimited variety of conduct and the [i]ndecent [a]ssault [s]atute involves behavior that can further incorporate [i]nvoluntary [d]eviate [s]exual acts, the three charges all merge for sentencing purposes and Appellant should not have been sentenced separately for these three charges.

Appellant's Brief at 49.

We disagree. A claim that crimes should have merged for sentencing purposes challenges the legality of a sentence, which cannot be waived. *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa. Super. 2003) (citing *Commonwealth v. Kitchen*, 814 A.2d 209, 214–215 (Pa. Super. 2002)). Our standard of review in cases dealing with questions of law is *de novo*, and our scope of review is plenary. *See Commonwealth v. Kimmel*, 125 A.3d 1272, 1275 (Pa. Super. 2015) (*en banc*) ("A claim that convictions merge for sentencing is a question of law; therefore, our standard of review is de novo and our scope of review is plenary."). Section 9765 of our Judicial Code provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

> The preliminary consideration under Section 9765 is whether the two crimes at issue arose from a single act. This is because our courts have long held that where a defendant commits multiple distinct criminal acts, concepts of merger do not apply... [T]he proper focus is not whether there was a break in the chain of criminal activity, but rather, whether the actor commits multiple

criminal acts beyond that which is necessary to establish the bare elements of the additional crime. If so, then the defendant has committed more than one criminal act. The rationale is to prevent defendants from receiving a "volume discount" on crime.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1050 (Pa. Super. 2011) (citations omitted).

The three crimes underlying Appellant's solicitation convictions at issue are separate and distinct injurious acts. Here, the actions Appellant solicited from H.E.'s daughter tended to corrupt the morals of a child under the age of eighteen and was separately punishable. ***See Fisher***, 787 A.2d 995. Appellant arranged over the phone to meet with an eleven-year-old for the distinct dual purposes of (1) engaging in indecent contact in the form of a hand job and (2) engaging in an act of deviate sexual intercourse. Appellant committed "multiple distinct criminal acts," beyond the soliciting a hand job from a child, thereby supporting his convictions of IDSI with a child, and corruption of minors. ***Yeomans, supra***. As Appellant committed three separate criminal acts, the crimes for which he was convicted do not merge. Thus, Appellant's claim is meritless.

In his fourth issue, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant contends that his sentence was excessive because the court imposed an aggravated range sentence without adequately considering mitigating circumstances. Appellant's Brief at 61. Moreover, Appellant asserts he is an "ideal candidate for rehabilitation." ***Id***. at 62-63.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (most citations omitted), *appeal denied*, 909 A.2d 303 (Pa. 2006).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 812 A.2d 617, 621 (Pa. 2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (emphasis in original) (internal quotation marks

omitted), *appeal denied*, 954 A.2d 895 (Pa. 2008), *cert. denied*, 129 S. Ct. 2450 (2009).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **See Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra**, 752 A.2d at 912-13. A claim that the trial court erred by imposing an aggravated range sentence without considering mitigating circumstances raises a substantial question that the sentence was not appropriate under the Sentencing Code. **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (citing **Commonwealth v. Anderson**, 552 A.2d 1064 (Pa. Super. 1988)).

As an initial matter, we note that Appellant filed a timely notice of appeal, preserved the instant issue in a motion to reconsider sentence, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, our analysis turns on whether there is a substantial question that the sentence appealed from is inappropriate under the Sentencing Code. **See** 42 Pa.C.S.A. § 9781(b). We conclude Appellant has failed to present a substantial question for our review.

Appellant argues that the sentencing scheme in the instant case was outside the standard range and the trial court failed to give sufficient consideration to mitigating factors, which included his children, wife, work history and reputation in the community. Appellant's Brief at 60. Appellant acknowledges that the trial court considered the mitigating evidence presented on Appellant's behalf; however, he takes issue with the amount of deference given by the trial court. Appellant's Brief at 62-63. As part of the mitigating circumstances in his case, Appellant points out:

> Unfortunately for Appellant, he is sixty years old, operates on a pre-internet approach to life and is very generationally naïve. He accordingly was not cautious in his approach to internet sensations such as the Ashly [*sic*] Madison webcite [*sic*].

Appellant's Brief at 63. We find this argument exceedingly unpersuasive when viewed with the facts that Appellant (1) established an online presence on AshleyMadison.com, (2) exchanged a series of electronic messages with H.E., and (3) utilized the telephone, a device that has been in existence since 1876, to conduct the aforementioned illegal activity. **See** N.T., 4/1/15, at 12, 16-17, 31-33.

Here, it is uncontested that the trial court expressly considered the mitigating evidence in fashioning an aggravated range sentence that was consistent with the Sentencing Code and norms underlying the sentencing process. Consequently, Appellant failed to demonstrate the existence a substantial question for our review. **See Felmlee**, 828 A.2d at 1107. At the time of sentencing, and in its opinion, the trial court outlined its procedure

used to arrive at Appellant's individualized sentence. N.T., 11/16/15, at 22-23; Trial Court Opinion, at 20-21. The trial court considered: (1) the presentence investigation report, arguments of counsel and the Commonwealth, (2) the statements and letters of Appellant's family members and friends, (3) the gravity of the offense, (4) the Appellant's background and criminal history, (6) the "character and attitude of [Appellant]; and crafted a sentencing scheme. N.T., 11/16/15, at 4, 8-14, 33-34. As such, Appellant's dissatisfaction with his sentence does not invoke our jurisdiction. *See Mouzon*, 812 A.2d at 621. No relief is due.

Judgment of sentence affirmed.

Judge Ott joins the memorandum.

President Judge emeritus Stevens concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016

- 17 -