**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Ronald LAUDADIO, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 1, 2007.

Filed Dec. 5, 2007.

———

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: TODD, COLVILLE *, and ANTHONY *, JJ.

* Retired Senior Judge assigned to the Superior Court.

1.  18 Pa.C.S.A. § 3127.

OPINION BY TODD, J.:

¶ 1 Ronald Laudadio appeals the April 3, 2006 judgment of sentence imposed by the Philadelphia County Court of Common Pleas after he was convicted at a bench trial of one count of indecent exposure [1] and two counts of open lewdness.[2] For the reasons that follow, we vacate his sentence and remand for resentencing.

¶ 2 The charges against Appellant were based on an incident which occurred on July 1, 2004. The two female victims, ages 14 and 16, were walking along South Broad Street in Philadelphia when they heard Appellant call over to them. When the girls turned toward Appellant, they observed him sitting on a porch step holding his penis. The victims ran to a nearby police officer to report what had occurred. Although Appellant testified that it was the victims who initially approached him and that he never exposed himself, the Honorable Willis W. Berry found Appellant guilty of the aforementioned charges. Judge Berry sentenced Appellant to two years probation on the two counts of open lewdness, followed by a consecutive term of two years probation for indecent exposure. Appellant's post-sentence motion was denied on August 3, 2006, and this appeal followed, wherein Appellant presents a single issue for this Court's review: "Did not the trial court err by convicting and sentencing appellant on two (2) counts of open lewdness for a single act observed by two (2) people, a position conceded by the trial court in its opinion?" (Appellant's Brief at 3.)

¶ 3 Pursuant to 18 Pa.C.S.A. § 5901, "[a] person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others

2.  18 Pa.C.S.A. § 5901.

who would be affronted or alarmed." 18 Pa.C.S.A. § 5901. While we have found no appellate court case which specifically states that an individual may only be convicted of one count of open lewdness, regardless of how many individuals witness the individual's act, we are guided by our Supreme Court's decision in *Commonwealth v. Frisbie*, 506 Pa. 461, 485 A.2d 1098 (1984), the case relied on by both Appellant and the trial court.

¶ 4 In *Frisbie*, our Supreme Court overturned this Court's holding that the appellee's single action of driving his vehicle through a crowd of people, injuring several people, could support only one sentence for reckless endangerment under 18 Pa.C.S.A. § 2705, which provides that "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. In doing so, the Court concluded that under the "fair import of [its] terms," Section 2705 "was written with regard to *an individual person* being placed in danger of death or serious bodily injury, and that a separate offense is committed for each individual person placed in such danger." *Frisbie*, 506 Pa. at 466, 485 A.2d at 1100 (emphasis original). The Court further noted that "[w]here the legislature has intended to preclude multiple punishments for multiple injuries resulting from a single act, it has expressly done so,"[3] and concluded that

> [h]ad the legislature intended to preclude multiple punishments under

§ 2705, that section would read: "a person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place *another person or persons* in danger of death or serious bodily injury."

*Id.* (emphasis original).

¶ 5 Based on the reasoning of our Supreme Court in *Frisbie*, we conclude that the language of Section 5901, which provides that a person is guilty of open lewdness if he does a lewd act which he knows is likely to be observed *by others* who would be affronted or alarmed, precludes multiple punishments when there is more than one victim.

¶ 6 Accordingly, we vacate Appellant's conviction as to one count of open lewdness, but affirm his convictions in all other respects. As vacating Appellant's conviction in this regard may disturb the trial court's overall sentencing scheme, we vacate his judgment of sentence and remand for resentencing.[4]

¶ 7 Judgment of sentence **VACATED.** Case **REMANDED** for resentencing. Jurisdiction **RELINQUISHED.**

---

3. The Court cited, for example, 18 Pa.C.S.A. § 2707, which prohibits an individual from throwing, shooting or propelling a rock, stone, brick, or "any deadly or dangerous missile, or fire bomb, into a vehicle ... that is occupied by one or more persons," and 18 Pa.C.S.A. § 2710, which provides that a person "commits the offense of ethnic intimidation if, with malicious intention toward the actual or perceived race, color, religion, na-

tional origin, ancestry, mental or physical disability, sexual orientation, gender or gender identity of another individual or group of individuals," he commits certain other enumerated offenses.

4. We note that the Commonwealth indicates in its letter brief that it has no objection to a remand for resentencing.