J-S59044-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER RAY HARRIS, | : | |
| | : | |
| Appellant | : | No. 1387 EDA 2014 |

Appeal from the PCRA Order Entered March 28, 2014,
In the Court of Common Pleas of Carbon County,
Criminal Division, at No(s): CP-13-CR-0000354-2011

BEFORE: SHOGAN, LAZARUS and STRASSBURGER*, JJ.

MEMORANDUM BY: STRASSBURGER, J.:     **FILED SEPTEMBER 26, 2014**

Christopher Ray Harris (Appellant) appeals from the order entered March 28, 2014, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

On March 7, 2011, Appellant was arrested and charged with multiple crimes stemming from an incident that occurred on February 13, 2011, where Appellant and three other individuals fired multiple shots at three occupied homes along Yeakle Street in Weatherly, Pennsylvania.

On May 9, 2011, Appellant waived his preliminary hearing in exchange for a bail modification releasing him to pre-trial electronic home monitoring

---

[1] 42 Pa.C.S. §§ 9541-9546.

* Retired Senior Judge assigned to the Superior Court.

(EHM). Appellant's numerous requests to modify his bail were denied, and he remained on pre-trial EHM until sentencing.

On May 17, 2012, Appellant, through his counsel, David Lampman, III, entered into a negotiated stipulation with the Commonwealth whereby he agreed to plead guilty to one count of aggravated assault - serious bodily injury, two counts of REAP, and one count of discharging a firearm into an unoccupied structure. Stipulation, filed 7/6/2012, 1-2. In exchange for his plea, all other charges were withdrawn. The stipulation expressly provided for a 48-to-96 month sentence of incarceration. *Id.* at 2.

On July 12, 2012, Appellant formally entered his guilty plea before the trial court. A pre-sentence investigation was ordered and a sentencing date was set. On October 15, 2012, Appellant was sentenced to an aggregate of 48-to-96 months' incarceration. No direct appeal was taken.

On June 13, 2013, Appellant timely filed *pro se* a PCRA petition. New counsel was appointed, and an amended PCRA petition was filed on October 16, 2013.[2] In his amended petition, Appellant claimed that Attorney Lampman was ineffective for ignoring his request to file a direct appeal. Appellant also claimed that his sentence was illegal because (1) he did not receive full credit for the time spent on pre-trial EHM and (2) the charges of

---

[2] The record indicates that Appellant's initial appointed counsel withdrew his appearance at some point prior to Appellant's PCRA hearing. Counsel herein was subsequently appointed on February 27, 2014.

-2-

aggravated assault and REAP should have merged for the purpose of sentencing.

On March 28, 2014, following a PCRA hearing at which both Appellant and Attorney Lampman testified, the PCRA court issued an order denying Appellant's petition. Order, 3/28/2013, n.2. This timely appeal followed. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant first argues that the PCRA court erred in denying his request to reinstate his appellate rights *nunc pro tunc* where his plea counsel was *per se* ineffective for failing to file a direct appeal on his behalf.

We note that "this Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citation omitted). This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. **Commonwealth v. Touw**, 781 A.2d 1250, 1252 (Pa. Super. 2001). Additionally,

> [o]ur standard of review when faced with a claim of ineffective assistance of counsel is well settled. First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant.
>
> * * *
>
> A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or

her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The failure to prove any one of the three prongs results in the failure of petitioner's claim.

Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. **Commonwealth v. Lantzy***,* 558 Pa. 214, 226–27, 736 A.2d 564, 572 (1999). However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request. **Commonwealth v. Bath***,* 907 A.2d 619 (Pa. Super. 2006).

**Commonwealth v. Ousley**, 21 A.3d 1238, 1244-45 (Pa. Super. 2011)

(some citations omitted).

Instantly, at his PCRA hearing Appellant testified that, immediately following his sentencing, he asked Attorney Lampman to file an appeal, although he claimed he did not specify any grounds upon which to do so. N.T., 3/7/2014, at 14, 22. Appellant testified that once he returned to state prison, he wrote a letter to Attorney Lampman requesting an appeal. ***Id.*** at 16. Additionally, Appellant testified that he asked his family to contact Attorney Lampman and tell him to appeal the issue of Appellant's credit time. ***Id.*** at 15. Appellant claimed that he eventually received a letter from

Attorney Lampman explaining that there were no grounds to file an appeal. **Id.**[3]

In contrast, Attorney Lampman testified that he did not recall having any post-sentence communication with Appellant and did not recall Appellant requesting a direct appeal. **Id.** at 27, 28. 31. However, he remembered Appellant being combative immediately following sentencing. **Id.** at 29. Additionally, Attorney Lampman did not recall receiving communication from Appellant or his family regarding an appeal, nor did he recall writing a letter to Appellant informing him that there were no grounds to appeal. **Id.** at 27, 31.

In rejecting Appellant's argument, the PCRA court found credible Attorney Lampman's testimony that he did not recall Appellant requesting a direct appeal and found unpersuasive Appellant's testimony to the contrary. Order, 3/28/2013, n.2. This determination is supported by the record, and we will not disturb it on appeal. Accordingly, we affirm the PCRA court's determination that Appellant has failed to meet his burden under **Bath, supra** and hold that Attorney Lampman was not *per se* ineffective for failing to take a direct appeal where none was requested.

---

[3] Neither the letter Appellant purportedly wrote to counsel, nor Attorney Lampman's alleged response was made part of the record at the hearing. Appellant testified he did not have a copy of either letter. N.T., 3/7/2014, at 23.

Appellant's second and third claims, that he is entitled to credit for time spent on pre-trial EHM and that his convictions should merge, raise issues regarding the legality of Appellant's sentence. Appellant's Brief at 23-32. These nonwaiveable claims are cognizable under the PCRA. **See Commonwealth v. Turner**, 58 A.2d 845, 847 (Pa. Super. 2012) (indicating challenges to the legality of a sentence are within the ambit of the PCRA); **Commonwealth v. Perry**, 563 A.2d 511, 513 (Pa. Super. 1989) (noting that claims of sentencing illegality based on failure to award credit time are cognizable as due-process challenges in PCRA proceedings); **Commonwealth v. Pettersen**, 49 A.3d 903, 911 (Pa. Super. 2012) (holding that merger is a nonwaivable challenge to the legality of one's sentence). As with all questions of law, our standard of review is *de novo* and the scope of our review is plenary. **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009).

Appellant first argues that equitable circumstances were present which entitle him to credit for the time he spent on pre-trial EHM. Appellant's Brief at 24.

Pursuant to the Pennsylvania Sentencing Code, credit for time served is awarded as follows:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior

to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

In **Commonwealth v. Kyle**, 874 A.2d 12, 21 (Pa. 2005), our Supreme Court "[made] clear that time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of Section 9760 credit against a sentence of incarceration." Contrary to Appellant's assertions, in fashioning this bright-line rule the Court "specifically disapproved" of a case-by-case test to determine if a defendant should receive credit. **Id.** at 22 ("This interpretation and resulting bright-line rule will obviate the necessity of evidentiary hearings into the particulars of each electronic monitoring program around the Commonwealth, which would be necessary to implement a case-by-case test."). Accordingly, Appellant's claim must fail.[4]

Finally, Appellant claims that his convictions for aggravated assault and REAP should have merged for the purposes of sentencing because those two crimes arose from the same criminal act and because REAP is a lesser included offense of aggravated assault. Appellant's Brief at 27-32.

---

[4] To the extent that Appellant relies on this Court's decision in **Commonwealth v. Martz**, 42 A.3d 1142 (Pa. Super. 2012), for the proposition that the rule as set forth in **Kyle** is somehow subject to interpretation, we note that, unlike Appellant, Martz was not disputing pre-trial EHM credit; rather, he requested credit for time spent following his accidental release prior to the completion of his sentence. These situations are vastly different, and the holding in **Kyle** abrogating the need for an equitable balancing of factors related to pre-trial EHM credit controls here.

The merger statute states that

> [n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.

42 Pa.C.S. § 9765.

Instantly, there is no dispute that the charges arose from the same set of facts, constituting a single criminal act. Moreover, this Court has "held that reckless endangerment is a lesser included offense of aggravated assault for the purposes of merger, *i.e.*, double jeopardy." **Commonwealth v. McCord**, 700 A.2d 938, 947 (Pa. Super. 1997). Specifically, we found that "[e]very element of reckless endangerment is subsumed in the elements of aggravated assault." **Id**. Nonetheless, Appellant's claim fails.

Our Supreme Court has held that merger does not preclude separate punishments for injuries to different victims, even when the victims were injured by a single unlawful act or transaction. **Commonwealth v. Frisbie**, 485 A.2d 1098, 1100-01 (Pa. 1984). **See also Commonwealth v. Burdge**, 562 A.2d 864, 867 (Pa. Super. 1989). Appellant's criminal information indicates that the specified victim of the aggravated assault conviction was Tara Barnic. Barnic's minor daughter, who was present in her home at the time of the shooting, is the specified victim of the REAP conviction. Accordingly, merger does not apply, and Appellant is not entitled to relief on this issue.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014