J-S33007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALAN ORTIZ, | |
| Appellant | No. 1590 MDA 2016 |

Appeal from the Judgment of Sentence Entered August 8, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005948-2014

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 12, 2017**

Appellant, Alan Ortiz, appeals from the judgment of sentence of an aggregate term of 60 to 120 years' imprisonment, imposed after he was convicted of three counts each of assault of a law enforcement officer (18 Pa.C.S. § 2702.1(a)), aggravated assault (18 Pa.C.S. § 2702(a)(2)), and aggravated assault (18 Pa.C.S. § 2702(a)(4)), and one count each of possessing an instrument of crime (18 Pa.C.S. § 907(1)), and recklessly endangering another person (18 Pa.C.S. § 2705)).  Appellant challenges the sufficiency of the evidence to sustain his convictions and asserts that his sentence is manifestly excessive.  After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court provided the following summary of events that led to Appellant's convictions in its Pa.R.A.P. 1925(a) opinion:

In the case at bar, on November 14, 2014, at approximately 9:30 p.m., Sergeant David Liggett (hereinafter referred to as "Sergeant Liggett"), Officer Charles Federico (hereinafter referred to as "Officer Federico")[,] and Officer Eric Neimsyk (hereinafter referred to as "Officer Neimsyk")[,] of the Reading Police Department[,] responded to a disturbance on the 800 block of Walnut Street, Reading, Berks County, Pennsylvania. The officers were all in full uniform. Upon arrival at the 800 block of Walnut Street, there were multiple individuals in front of 823 Walnut Street. Appellant was present on scene and was requested to provide identification by Officer Federico and Officer Neimsyk. Appellant responded and stated that he didn't have his identification. Appellant then ran from the scene and was chased by Sergeant Liggett, Officer Neimsyk[,] and Officer Federico. All three officers were chasing [] Appellant and yelling at him to stop. Sergeant Liggett was the lead officer in the pursuit and, at one point prior to the discharge of Appellant's firearm, was approximately 10 feet from the Appellant informing him that he would be tased if he did not stop. During the chase, Appellant was in possession of and discharged a revolver one time at the three pursuing police officers. The officers then continued to chase [] Appellant and discharged their firearms at him until Appellant was taken into custody.

Trial Court Opinion ("TCO"), 12/19/16, at 3 (citations to record omitted).

Based on the evidence presented at a jury-trial on July 18-21, 2016, Appellant was found guilty of the crimes stated *supra*, and was sentenced by the court to 60 to 120 years' incarceration on August 8, 2016. Appellant filed a timely post-sentence motion requesting reconsideration and modification of his sentence,[1] which was denied by the trial court on

_____

[1] The trial court granted Appellant leave by order of court dated August 17, 2016, to file a post-sentence motion *nunc pro tunc*. **See** Trial Court Order, *(Footnote Continued Next Page)*

September 1, 2016. Appellant subsequently filed a timely notice of appeal on September 26, 2016. On November 28, 2016, Appellant filed a timely, court-ordered concise statement of errors complained of on appeal in accordance with Pa.R.A.P. 1925(b).[2]

Appellant now presents the following issues for our review:

a. Even when viewing the evidence in the light most favorable to the Commonwealth as verdict winner, was the evidence lacking as a matter of law to sustain the convictions for Assault of Law Enforcement Officer (18 Pa.C.S.[] [§] 2702.1(a)), Aggravated Assault (18 Pa.C.S.[] [§] 2702(a)(2)), and Aggravated Assault (18 Pa.C.S.[] [§] 2702(a)(4)), as the evidence demonstrated that one gunshot was fired in the direction of two individuals without any resulting injury?

b. Did the court err at sentencing by failing to consider Appellant's rehabilitative needs as required by 42 Pa.C.S.[] [§] 9721(b) and by sentencing Appellant to consecutive sentences, effectively a lifetime of incarceration, resulting in a manifestly unreasonable sentence?

Appellant's Brief at 5.

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light

_(Footnote Continued)_ ─────────────

8/17/16, at 1. Accordingly, Appellant's post-sentence motion filed on August 26, 2016, was considered timely.

[2] Appellant was granted an enlargement of time by the trial court to file his Rule 1925(b) statement, due to a delay with the trial transcripts. **See** Trial Court Order, 10/24/16, at 1.

most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted).

Here, Appellant argues that the evidence presented at trial was insufficient to sustain his convictions of the aforementioned crimes. More specifically, Appellant avers that to sustain these convictions, "the reviewing court must be able to find of record evidence demonstrating a specific intent to harm the three individual officers. The evidence presented [-] a single gunshot [-] cannot sustain the convictions and must be reversed." Appellant's Brief at 11.

In response to Appellant's assertion, the trial court stated: "The holdings of *Commonwealth v. Frisbie*, 485 A.2d 1098 (Pa. 1984), and *Commonwealth v. Yates*, 562 A.2d 908 (Pa. Super. 1989), compel this [c]ourt to engage in an examination of the specific language contained within each statute to determine whether [] Appellant's single act of discharging his firearm at three uniformed police officers can form the basis of multiple injuries and offenses." TCO at 5. The court further opined:

> In *Frisbie*, the appellant was convicted of, *inter alia*, nine counts of recklessly endangering another person for the single act of driving his car through a crowded intersection while fleeing from police. *Frisbie*, 485 A.2d at 1099. On appeal, the Pennsylvania Supreme Court addressed the issue of whether a single unlawful act which affects multiple victims may support multiple sentences. *Id.* In analyzing this question, the Court

was tasked with determining "whether the legislature intended that each injury constitute a separate offense." *Id.* at 1100. The Pennsylvania Supreme Court relied upon Section 105 of the Pennsylvania Crimes Code which requires that criminal statutes "be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved." *Id.*; 18 Pa.C.S.[] § 105. The Court focused on the language contained within the definition of recklessly endangering another person which states "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place *another person* in danger of death or serious bodily injury." *Id.*; 18 Pa.C.S.[] § 2705 (emphasis in original). The Court concluded "that § 2705 was written with regard to *an individual person* being placed in danger of death or serious bodily injury, and that a separate offense is committed for each individual person placed in such danger." *Id.* (emphasis in original). If the legislature had "intended to preclude multiple punishments for multiple injuries resulting from a single act" for a violation of § 2705, the statute "would read: a person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place *another person or persons* in danger of death or serious bodily injury." *Id.* (emphasis in original). Therefore, the Court held that multiple sentences could be imposed on the appellant for a single unlawful act. *Id.* at 1101.

In **Yates**, the appellant was convicted of, *inter alia*, [] two counts of aggravated assault and reckless endangerment arising from injuries to two victims caused by a single shotgun blast. **Yates**, 562 A.2d at 908-909. Appellant appealed the consecutive sentences imposed on the aggravated assault convictions as violating the common law merger doctrine. *Id.* at 909. The Pennsylvania Superior Court, in reliance on **Frisbie**, *supra*, held that "the life and safety of *each* citizen is to be protected *individually*." *Id.* at 911 (emphasis in original). "It shall not be a defense to liability that an indiscriminant force employed by a criminal injured or placed at risk more or different persons than intended." *Id.* The Court stated that there is no "two for one discount" in the Pennsylvania Crimes Code." *Id.* Therefore, appellant's sentence was affirmed. *Id.*

TCO at 5-6 (footnote omitted).

In accordance with *Frisbie* and *Yates*, we review Appellant's sufficiency challenge to each of his convictions separately, and examine the specific language of each relevant statute. First, Appellant challenges the sufficiency of the evidence to sustain his convictions for assault of a law enforcement officer. Specifically, Appellant avers that the single shot discharged from his firearm is insufficient to demonstrate a specific intent to inflict injury on three different officers. Appellant's Brief at 14. After careful review, we deem Appellant's argument to be meritless.

The Pennsylvania Crimes Code provides, in relevant part:

**§ 2702.1 Assault of law enforcement officer**

**(a)** **Assault of a law enforcement officer in the first degree.**—A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm.

18 Pa.C.S. § 2702.1(a). Based on our review of the statutory language, we agree with the trial court's conclusion that the legislature clearly wrote this section with regard to an individual law enforcement officer who is the victim of an attempt to cause bodily injury, and that a separate offense is committed for each individual law enforcement officer victimized. *See* TCO at 7. Applying the reasoning set forth in *Frisbie* and *Yates*, we conclude that if the legislature had intended to preclude multiple punishments for a single act against multiple law enforcement officers, it would have included

such language in the statute, *i.e.*, "law enforcement officer or officers," and "victim or victims."

This Court has previously concluded that, by its plain terms, Section 2702.1 requires the Commonwealth to prove the following elements: "(1) the defendant attempted to cause, or intentionally or knowingly caused, bodily injury, (2) the victim was a law enforcement officer acting in the performance of his duty, (3) the defendant had knowledge the victim was a law enforcement officer, and (4) in attempting to cause, or intentionally or knowingly causing such bodily injury, the defendant discharged a firearm." ***Commonwealth v. Landis***, 48 A.3d 432, 445 (Pa. Super. 2012). Moreover, actual bodily injury is not necessary to sustain a conviction under Section 2702.1, where the Commonwealth sets forth evidence that the defendant attempted to cause such bodily injury. ***See id.*** Criminal attempt under this section "requires a showing of some act, albeit not one actually causing bodily injury, accompanied by an intent to inflict bodily injury upon a law enforcement officer by discharging a firearm." ***Id.*** at 446 (citing 18 Pa.C.S. §§ 901(a) and 2702.1(a)).

In support of its conclusion that the evidence was sufficient to sustain Appellant's convictions under Section 2702.1, the trial court stated the following:

> [T]he evidence established that [] Appellant fled from the three pursuing police officers and, while running, turned and discharged a firearm at the officers. The act of discharging the firearm at the police officers is evidence of [] Appellant's attempt to cause both serious bodily injury and bodily injury to the

officers. All three officers were in full uniform as they pursued []
Appellant and commanded him to stop. Officer Federico and
Officer Neimsyk, both in full uniform, interacted with [] Appellant
both before and after he started running. Sergeant Liggett, also
in full uniform, engaged [] Appellant during the pursuit and was
the closest officer to [] Appellant during the chase. [] Appellant
clearly had knowledge that the victims were police officers based
on their interactions. Appellant's discharge of his firearm was a
substantial step toward inflicting both bodily injury and serious
bodily injury upon the police officers. Therefore, the evidence
was sufficient to convict [] Appellant on all counts of assault of
law enforcement officer and aggravated assault.

TCO at 13.

Appellant argues that one of the officers was not visible to Appellant

when he discharged his firearm and, therefore, he could not have intended

to cause bodily injury to that officer. In response to this argument, the trial

court opined:

[A]ll three officers pursuing [] Appellant were yelling for him to
stop as he fled the scene. Furthermore, to establish the
necessary intent to prove that [] Appellant attempted to assault
these officers, [] Appellant must be aware of the existence of
attendant circumstances or believes or hopes that they exist. In
the case at bar, [] Appellant was aware that officers were
chasing him as all three officers were commanding him to stop.
Assuming, arguendo, that one officer was not in the view of []
Appellant when he discharged his firearm, he clearly believed or
hoped that all of the officers were behind him when he
discharged his firearm in their direction.

*Id.* at 14. We agree with the trial court's rationale.

Next, Appellant challenges the sufficiency of the evidence to sustain

his aggravated assault convictions under 18 Pa.C.S. §§ 2702(a)(2) and

(a)(4), which provide, in relevant part, as follows:

**§ 2702. Aggravated assault**

- 8 -

**(a) Offense defined.**—A person is guilty of aggravated assault if he:

…

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

…

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;[3]

…

**(c) Officers, employees, etc., enumerated.**—The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:

(1) Police officer.

*Id.*

We have reviewed the statutory language of aggravated assault, under both section 2702(a)(2), and section 2702(a)(4), and we agree with the trial court that the legislature wrote these statutes with regard to an individual victim and that a separate offense is committed for each individual victimized by the defendant. A "police officer" is listed as an enumerated individual under Section 2702(c). If the legislature had intended to preclude multiple punishments for a single act against multiple police officers, Section

_____

[3] The Pennsylvania Crimes Code defines "deadly weapon" as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S. § 2301.

2702(c)(1) would state "police officer or officers." Similarly, Section 2702(a)(4) references bodily injury to "another." The Supreme Court interpreted "another person" in *Frisbie*, as meaning an individual person. *See Frisbie*, 485 A.2d at 1100. Had the legislature intended to preclude multiple punishments under Section 2702(a)(4), that section would read: "A person is guilty of aggravated assault if he attempts to cause or intentionally or knowingly causes bodily injury to *another person or persons* with a deadly weapon." Thus, Appellant's claim that his act of discharging one shot from his firearm cannot sustain multiple aggravated assault convictions is without merit.

Moreover, we believe that the evidence outlined by the trial court in the portions of its opinion reproduced *supra* clearly establishes all the elements required to prove aggravated assault under Sections 2702(a)(2) and 2702(a)(4). *See* TCO at 13-14. It is evident that Appellant attempted to cause serious bodily injury to the three police officers pursing him, while in performance of their duty, by discharging a firearm, which is expressly defined as a "deadly weapon" by the Pennsylvania Crimes Code. Based on our review of the facts in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient to uphold Appellant's convictions.

Finally, we address Appellant's claim that his sentence is manifestly unreasonable. Appellant avers that the trial court erred in imposing consecutive sentences and failed to consider his rehabilitative needs as

required under 42 Pa.C.S. § 9721(b). We note that Appellant's allegations relate to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, the record reflects that Appellant filed a timely notice of appeal, properly preserved his claim in his post-sentence motion, and included a separate Rule 2119(f) statement in his appellate brief in compliance with the Pennsylvania Rules of Appellate Procedure. Thus, we proceed to determine whether Appellant has raised a substantial question to meet the fourth requirement of the four-part test outlined above.

> As we explained in ***Moury***:
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

- 11 -

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* at 170 (citations and internal quotations omitted).

Appellant contends that his sentence is manifestly excessive, disproportionate to the crimes committed, and fails to take into account his rehabilitative needs. He further avers that the consecutive sentences imposed by the trial court essentially amount to a life sentence. Appellant's Brief at 13. Appellant reasons that "[e]ssentially, [he] was sentenced to a life sentence for one act which caused no physical injury to anyone. The sentence is manifestly unreasonable." *Id.* at 25.

"Under 42 Pa.C.S. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." *Moury*, 992 A.2d at 171. "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Id.* at 171-172.

> To make it clear, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Moreover, we have held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014)). Additionally,

> in determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 340 (quoting *Dodge*, 77 A.3d at 1270).

Based on our review of the foregoing precedents, we conclude that Appellant's challenge to the imposition of his consecutive sentences as manifestly excessive, combined with his claim that the court failed to consider his rehabilitative needs, presents a substantial question. Accordingly, we will review the merits of his claims.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***

- 13 -

In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.

*Commonwealth v. Perry*, 883 A.2d 599, 602-03 (Pa. Super. 2005) (citations omitted).

We further note:

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (citations and internal quotation marks omitted).

As the trial court pointed out, in the instant case:

Appellant was convicted of assault of law enforcement officer, 18 Pa.C.S.[] § 2702.1(a), which requires the imposition of a mandatory term of imprisonment of not less than 20 years. 42 Pa.C.S.[] § 9719.1(a). Pursuant to 42 Pa.C.S.[] § 9719.1(b), this [c]ourt had no authority to impose a lesser sentence on Appellant than the mandatory sentence provided for in subsection 9719.1(a) or to place [] Appellant on probation or to suspend his sentence. Therefore, although this [c]ourt had the option of running Appellant's sentences consecutive or concurrent to each other, this [c]ourt was required by statute to impose the statutorily mandated sentences on [] Appellant.

TCO at 16.

- 14 -

Additionally, we note that <u>not only</u> did the trial court have the benefit of a PSI, but it also considered all of the appropriate, relevant factors, as evidenced by its detailed explanation of Appellant's sentence in the following portion of its Rule 1925(a) opinion:

> [T]his [c]ourt sentenced [] Appellant to consecutive sentences in consideration of multiple factors. Specifically, this [c]ourt considered that [] Appellant is 26 years old and completed his GED at Glen Mills. Appellant has only held two jobs in his lifetime for a total employment duration of two months and two weeks. Appellant has a significant criminal history that began in 2002 and has continued to the present time. When the officers encountered [] Appellant in this matter, there was an active warrant for his arrest. This [c]ourt found that [] Appellant is a danger to society based on his prior history as well as the facts of this particular case. Appellant has a repeat criminal pattern of arrest and supervision since 2002. Appellant has been provided many opportunities but has not corrected his behavior and is unable to behave himself in society. Appellant was under supervision at the time of this offense where he was in possession of a loaded firearm. This [c]ourt heard testimony at sentencing from Sergeant Liggett and Officer Federico and took into consideration the impact this offense has had on them as well as their families.[4] As a result, this [c]ourt determined that [] Appellant is a poor candidate for rehabilitation and that any lesser sentence would depreciate the seriousness of this crime. Appellant's sentence does not violate a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. In order for an excessive sentence claim to raise a substantial question, there must be an assertion that the court failed to

---

[4] Officer Frederico and Sergeant Liggett both testified that Appellant's actions have greatly affected their home lives and have caused their wives to become uneasy with regard to their jobs. *See* N.T. Sentencing, 8/8/16, at 9-11. Sergeant Liggett further testified that he has suffered permanent hearing damage and is now required to wear hearing aides, as a result of the shooting. *Id.* at 11.

consider mitigating factors. As set forth in **Griffin**, this [c]ourt had the benefit of a presentence investigation and, therefore, an appellate court will assume this [c]ourt was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. In fact, this [c]ourt was fully aware of this information and reviewed the presentence investigation several times as part of [] Appellant's sentencing hearing. This [c]ourt's sentence was not imposed upon Appellant out of partiality, prejudice, bias or ill will, but based on a careful and thorough consideration of the factors set forth above. Therefore, the imposition of consecutive sentences on [] Appellant was not excessive, unduly harsh or an abuse of this [c]ourt's discretion.

TCO at 16-18 (citations to record omitted).

After careful review of the record, we are satisfied that the trial court gave appropriate consideration to the relevant factors before issuing Appellant's sentence, and we ascertain no abuse of discretion. Appellant's claim regarding the length of his sentence is without merit.

Judgment of sentence affirmed.

Judge Ott joins this memorandum.

Judge Strassburger files a concurring and dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2017

- 16 -