**[J-24-2025] [MO: Todd, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 15 WAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered June 30, |
| | : | 2023, at No. 1256 WDA 2021, |
| v. | : | affirming the Judgment of Sentence |
| | : | of Allegheny County Court of |
| | : | Common Pleas entered June 30, |
| VINCENT SMITH, | : | 2021, at No. CP-02-CR-0008964- |
| | : | 2018. |
| Appellant | : | |
| | : | ARGUED: April 9, 2025 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                              **DECIDED: NOVEMBER 19, 2025**

The majority holds that "the unit of prosecution for the offense of [Arson Endangering Persons ('AEP')] is each act of arson, not each person endangered by the arson[,]" and therefore reverses the decision of the Superior Court. Majority Op. at 1. In my view, however, the Superior Court correctly concluded that Smith was properly sentenced on four counts of AEP, one for each victim present when Smith set the fire.

As the majority correctly observes, in *Commonwealth v. Satterfield*, 255 A.3d 438 (Pa. 2021), this Court explained the following with respect to the unit of prosecution:

> The unit of prosecution is the *actus reus* that the General Assembly intended to punish. Put otherwise, the unit of prosecution is the minimum conduct that must be proven to obtain a conviction for the statute in question. Only a single conviction and resulting punishment may be imposed for a single unit of prosecution. As this Court has indicated, "[t]o determine the correct unit of prosecution, the inquiry should focus on whether separate and distinct prohibited acts … have been committed." *Commonwealth v. Davidson*, [ ] 938 A.2d 198, 216 ([Pa.] 2007).

*Id.* at 445-46.  The foregoing requires us to engage in statutory interpretation.  The Statutory Construction Act provides that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."  1 Pa.C.S. § 1921(a).  We have explained that "[t]he best expression of legislative intent appears in the plain language of a statute."  *Satterfield*, 255 A.3d at 446.  "Words and phrases shall be construed according to rules of grammar and according to their common and approved usage[.]"  1 Pa.C.S. § 1903(a).  Finally, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."  1 Pa.C.S. § 1921(b).

With these principles in mind, the AEP statute provides as follows:

**(a) Arson endangering persons. --**

> (1) A person commits a felony of the first degree if he **intentionally starts a fire** or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, **and if:**
>
> > (i) **he thereby recklessly places another person in danger of death or bodily injury**, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire[.]

18 Pa.C.S. § 3301(a)(1)(i) (emphasis added).

My plain reading of the AEP statute aligns with the Superior Court's determination that the unit of prosecution is defined as the act of intentionally starting a fire *coupled with* recklessly placing another person in danger of death or bodily injury.  As the majority itself concedes, the offense of AEP cannot be completed without both of these actions.  Majority Op. at 15 ("[P]lacing another person in danger of death or bodily injury is not merely a description of the result of the prohibited act of starting a fire or causing an explosion, but, rather, an essential component of the minimum conduct that must be proven to support a conviction – the *actus reus* − under Section 3301(a)(1)(i).").  The

General Assembly therefore intended a count of AEP to apply to each victim endangered by the intentional act of starting a fire. *See Satterfield*, 255 A.3d at 445-46.

I further disagree with the majority's attempt to distinguish *Commonwealth v. Frisbie*, 485 A.2d 1098 (Pa. 1984). In *Frisbie*, this Court previously recognized that the use of the phrase "another person" – the same phrase used in the AEP statute – indicates the General Assembly's intent to permit the imposition of multiple sentences upon a defendant who injures more than one victim. The defendant in *Frisbie* was fleeing from the police and drove his car through a crowded intersection, resulting in nine pedestrians being injured. *Id.* at 1099. He was convicted of, *inter alia*, nine counts of recklessly endangering another person ("REAP") and sentenced to nine consecutive one-year terms of probation for these offenses. *Id.* We granted allowance of appeal to determine whether the defendant's single unlawful act supported multiple REAP sentences. *Id.* The REAP statute states: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place **another person** in danger of death or serious bodily injury." 18 Pa.C.S. § 2705 (emphasis added). We focused on the statute's use of the phrase "another person" to conclude that the statute "was written with regard to an individual person being placed in danger of death or serious bodily injury, and that a separate offense is committed for each person placed in such danger." *Frisbie*, 485 A.2d at 1100. We further reasoned that "[w]here the legislature has intended to preclude multiple punishments for multiple injuries resulting from a single act, it has expressly done so." *Id.* (explaining that "[h]ad the legislature intended to preclude multiple punishments under [the REAP statute], that section would read: "a person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person or persons in danger of death or serious bodily injury") (original emphasis omitted). We found this conclusion in line with two of the general purposes of the Crimes Code,

those being proportional punishment and differentiation among offenders based on the severity of their offenses. *Id.* (citing 18 Pa.C.S. §§ 104(3), (5)). On this point, I find it reasonable to punish an offender who starts a fire that places multiple individuals at risk more severely than an offender who starts a fire that places a single individual at risk. Thus, *Frisbie* supports a conclusion that the unit of prosecution in the AEP statute is each victim endangered by the intentional starting of a fire.

The majority distinguishes *Frisbie* based solely on the fact that the REAP statute is codified under Article B of the Crimes Code, which is titled "Offenses Involving Danger to the Person," while the AEP statute is codified under Article C of the Crimes Code, which is titled "Offenses Against Property." *See* Majority Op. at 16. While I recognize that such placement may be contemplated to aid in the construction of a statute, *see* 1 Pa.C.S. § 1924 ("The headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute shall not be considered to control but may be used to aid in the construction thereof."), I do not believe it dictates where the clear language indicates that multiple sentences are permissible.

In light of the foregoing, I dissent.

Justice Brobson joins this dissenting opinion.