J-S59037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MICHAEL ADEE | : | |
| | : | |
| Appellant | : | No. 1790 EDA 2019 |

Appeal from the PCRA Order Entered May 29, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004389-2016

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED MARCH 13, 2020**

Sean Michael Adee appeals *pro se* from the denial of his petition filed pursuant to the Post-Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Adee claims that the sentence imposed was illegal, challenges the discretionary aspects of his sentence, and asserts that the PCRA court erred by accepting counsel's **Turner**/**Finley**[1] letter and granting her permission to withdraw. We affirm.

On January 30, 2017, Adee pleaded *nolo contendere* to two counts each of homicide by vehicle and recklessly endangering another person, and to summary citations for disregarding a traffic lane, reckless driving, and

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

prohibited text based communications.[2] Sentencing was deferred for the preparation of a presentence investigation report.

On July 14, 2017, the trial court sentenced Adee to the statutory maximum sentence of three and one half to seven years of incarceration for each count of homicide by vehicle. The court ordered Adee to serve the sentences consecutively, for an aggregate sentence of seven to 14 years in prison. The court imposed no further penalty on the other counts. The trial court denied Adee's motion for reconsideration. Adee did not file a direct appeal.

On August 24, 2018, Adee filed a timely first PCRA petition. The court appointed counsel, who filed an amended petition, arguing that plea counsel was ineffective *per se* for failing to file a direct appeal. Adee filed a *pro se* objection to the petition, asserting that counsel had raised different issues than Adee wanted. On January 25, 2019, counsel filed a response averring that there was a breakdown in the attorney-client relationship and requesting appointment of conflict counsel. The court granted the request and appointed conflict counsel. Conflict counsel subsequently filed a petition to withdraw as counsel together with a **Turner/Finley** no merit letter, averring that there were no meritorious issues. On April 24, 2019, the PCRA court granted conflict counsel's request to withdraw.

---

[2] **See** 75 Pa.C.S.A. § 3732(a); 18 Pa.C.S.A. § 2705; and 75 Pa.C.S.A. §§ 3309(1), 3736(a), and 3316(a), respectively.

The court then issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, and Adee filed a *pro se* response. Adee claimed that conflict counsel abrogated her duties and abandoned his issues, and asserted that counsel misapprehended the law when she concluded that he was not serving an illegal sentence. **See** Response to Pa.R.Crim.P. 907 Notice, at 2-4. The PCRA court dismissed Adee's PCRA petition and this timely appeal followed.

Adee raises three issues on appeal.

1. Does a PCRA court err in refusing to cure the imposition of illegal sentences stemming from a single accident where such is not authorized by the Vehicle Code, violates the Double Jeopardy Clauses, merger doctrine and *stare decisis* as it relates to two deaths resulting in a single injury to the Commonwealth?

2. Does the PCRA court err in refusing to address the propriety of meting [*sic*] the maximum sentence, for a single act, where Appellant has no prior record, others similarly situated were not similarly treated and sentencing appears to be based on an impermissible animus that may require recusal as equal protections under the law are implicated?

3. Does the PCRA court err in dismissing a petition, absent a hearing, without issuing independent reasoning for dismissal nor addressing the potential for amendment and other matters of record relating to Appellant's claims, when Appellant's fundamental and substantive right to the assistance of counsel on his first PCRA was abrogated when appointed counsel failed to meet the requirements of filing a no-merit letter?

Adee's Br. at 4.

We review the denial of a PCRA petition to determine whether the record supports the court's ruling and whether the ruling is free of legal error. **See Commonwealth v. Calhoun**, 52 A.3d 281, 284 (Pa.Super. 2012).

In his first issue, Adee claims that the trial court imposed an illegal sentence when it imposed two maximum sentences to be served consecutively—one for each count of homicide by vehicle. He claims that his consecutive sentences violate double jeopardy because the sentences should have merged, and because he is being punished twice for a single accident. *See* Adee's Br. at 10-17. We disagree.

The PCRA affords relief for, among other things, sentences that are illegal because they violate principles of double jeopardy or merger. ***Commonwealth v. Rouse***, 191 A.3d 1, 5 (Pa.Super. 2018). The prohibition against double jeopardy is set forth in the United States and Pennsylvania Constitutions. ***See*** Pennsylvania Const. Art. 1, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb"); U.S. Const. amend. V. ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb").

The Sentencing Code governs merger for sentencing purposes and provides:

> No crime shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. However, "the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." ***Commonwealth v. Anderson***, 650 A.2d 20, 22 (Pa. 1994).

- 4 -

Adee's sentences do not violate the doctrine of merger. The court did not sentence Adee for greater and lesser-included offenses for the same set of facts. Rather, he was sentenced for one count of homicide by vehicle for the death of Ian McNeill, and one count of homicide by vehicle for the death of Jane McNeill. Both offenses were homicide by vehicle, and neither constituted a greater or lesser offense. Thus, the convictions do not merge. **Anderson**, 650 A.2d at 22.

Nor was there any double jeopardy violation. Where the legislature intended that each injury constitutes a separate offense, "a single act which injures multiple victims can be the basis for multiple sentences." **Commonwealth v. Frisbie**, 485 A.2d 1098, 1100 (Pa. 1984). In **Frisbie**, our Supreme Court determined that convictions for recklessly endangering another person do not merge where the defendant has endangered several people in a single incident. The Court explained that the plain language of the statute refers to placing **another person** in danger, such that it concluded that the legislature intended that each individual person placed in danger constitutes a separate offense. **See id.**

In the instant case, the Crimes Code definition of the crime of homicide by vehicle similarly refers to causing the death of **another person**. **See** 75 Pa.C.S.A. § 3732(a) ("Any person who recklessly or with gross negligence causes the death of **another person** while engaged in the violation of any law . . . applying to the operation or use of a vehicle . . . is guilty of homicide by vehicle . . . when the violation is the cause of death.") (emphasis added).

Accordingly, we conclude pursuant to **Frisbie** that a defendant commits a separate offense of homicide by vehicle for each person killed. As such, the trial court's sentencing Adee for two offenses, where two people were killed from his single act, does not constitute a violation of double jeopardy. Adee's first issue is meritless.

In his second issue, Adee claims that the trial court erred when it imposed an unreasonable and excessive sentence. He claims that the sentencing court failed to comply with the sentencing statutes and that the sentence was the result of judicial bias. **See** Adee's Br. at 18-22. Adee asserts that he is not challenging the discretionary aspects of sentencing. **See id.** at 18.

We disagree that Adee is not challenging discretionary aspects of sentencing. Adee's argument consists of allegations that the court departed from the sentencing guidelines and imposed a statutory maximum sentence, **see id.** at 19; considered irrelevant factors, **see id.**; punished him because of a "retaliatory animus," **id.** at 21; and imposed a harsher sentence than various other cases involving homicide by vehicle, **see id.** at 22.

Each of Adee's claims challenges the discretionary aspects of his sentence, not the legality. A claim that the court imposed an above guidelines sentence without adequate reasons presents a challenge to the discretionary aspects of sentencing. **See Commonwealth v. Twitty**, 876 A.2d 433, 438 (Pa.Super. 2005). A claim that the court failed to follow the Section 9721(b) sentencing factors pertains to the discretionary aspects of sentencing. **See**

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). A claim that the court exercised its discretion in a way that was motivated by personal animus implicates the discretionary aspects of a sentence. *See Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa.Super. 2007) (*en banc*). Finally, a claim that a sentence is harsh and unreasonable challenges the discretionary aspects of the sentence. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013). Hence, all of Adee's claims concern the discretionary aspects of sentencing.

Challenges to discretionary aspects of sentencing are not cognizable under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA."); *see also Commonwealth v. Jordan*, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of the PCRA"); 42 Pa.C.S.A. § 9543(a)(2). Hence, Adee is entitled to no relief on his second issue.

In his third issue, Adee claims that the PCRA court erred in granting conflict counsel's petition to withdraw. *See* Adee's Br. at 24-26. He argues that conflict counsel's *Turner/Finley* letter was deficient and does not discuss his claims related to double jeopardy, sentencing guidelines, or judicial bias. Accordingly, he insists that the court must appoint new PCRA counsel. We disagree.

As a first time PCRA petitioner, Adee is entitled to the assistance of counsel, to diligently and competently represent him until counsel withdraws his or her appearance. ***See Commonwealth v. Librizzi***, 810 A.2d 692, 693 (Pa.Super. 2002). "[C]ounsel may withdraw at any stage of collateral proceedings if, in the exercise of his or her professional judgment, counsel determines that the issues raised in those proceedings are meritless and if the post-conviction court concurs with counsel's assessment." ***Commonwealth v. Glover***, 738 A.2d 460, 463 (Pa.Super. 1999) (citation omitted).

Counsel requesting to withdraw from PCRA representation must file a "no merit" letter or brief that conforms to the requirements of ***Turner*** and ***Finley***. ***See Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012). A ***Turner***/***Finley*** brief must detail "the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." ***Id.*** (citation omitted). Counsel must send the petitioner a copy of the no merit brief, a copy of counsel's petition to withdraw, and "a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Id.*** (citation omitted). If counsel fulfills these requirements, then the PCRA court must conduct its own review of the case, and, if the claims are without merit, permit counsel to withdraw. ***See id.***

We have reviewed conflict counsel's no merit letter and conclude that it meets the requirements of ***Turner***/***Finley***. Conflict counsel explains the nature and extent of her review; indicates the issues that Adee wanted to

raise and explains why the issues lacked merit; and discusses the issue that prior counsel wanted to raise concerning filing of a direct appeal and explains why that lacks merit. Contrary to Adee's assertion, the letter discusses the legality of the sentence imposed and explains that a challenge to the discretionary aspects of his sentence, through an ineffective assistance of counsel claim, would lack merit. *See* No Merit Letter, 4/15/19, at 6-7. Therefore, we conclude that the PCRA court did not err in finding that conflict counsel's no merit letter met the requirements of ***Turner***/***Finley*** and did not err in permitting counsel to withdraw. Adee's third issue is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/20