J-S07043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DESHAWN HALL | : | |
| | : | |
| Appellant | : | No. 276 WDA 2020 |

Appeal from the PCRA Order Entered October 21, 2019
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002251-2016

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED:  April 29, 2021**

Appellant, Deshawn Hall, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On July 16, 2018, Appellant entered a negotiated guilty plea to third-degree murder, two counts of robbery, and conspiracy.  Appellant also entered a *nolo contendere* plea to attempted first-degree murder and aggravated assault.  In exchange for his plea, the Commonwealth amended the charge of first-degree murder to third-degree murder.  (**See** N.T. Plea Hearing, 7/16/18, at 2).  During the plea hearing, Appellant admitted to the following facts: On August

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

19, 2015, Dersean Alberty, his brother Karron Alberty, and several friends arranged to purchase electronic equipment from Appellant at 1831 Fahnestock Street, Pittsburgh. (*Id.* at 26). Dersean and a friend, Charles Brown, went to the home to make the purchase. (*Id.* at 28). Appellant allowed only Charles to enter at first, and Dersean remained on the front porch. (*Id.*) Once inside the house, Appellant hit Charles over the head with a handgun, knocking him down. (*Id.*) Then, Appellant and several of his friends ordered Charles at gunpoint to get on the floor, where they stripped him of his clothing and demanded his money. (*Id.*) Charles complied giving them approximately $300 in cash. (*Id.*)

Appellant next ordered Dersean to enter the home. (*Id.* at 29). Dersean refused to enter, and he ran from the porch. (*Id.*) Appellant chased after him with a firearm. (*Id.*) Dersean came around the corner of a car and put his hands on the hood and Appellant came over and shot him multiple times until he emptied the magazine. (*Id.* at 25). As a result of the multiple gunshot wounds, Dersean did not survive. (*Id.* at 21). After witnessing this shooting, Dersean's brother, Karron Alberty, exited his vehicle and attacked Appellant. (*Id.*) Appellant and Karron began to wrestle. (*Id.*) During this fight, Appellant attempted to shoot Karron, but he was unable to do so because his gun was out of ammunition. (*Id.*)

In accordance with his negotiated plea agreement, the court imposed an aggregate sentence of 30-60 years' imprisonment. Specifically, the court

sentenced Appellant to 20-40 years' imprisonment for third-degree murder, a consecutive term of 10-20 years' imprisonment for attempted murder, and a concurrent term of 10-20 years' imprisonment for robbery. The court imposed no further penalty for the remaining offenses. Appellant did not a file direct appeal.

On July 3, 2019, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed a **Turner**/**Finley**[2] no-merit letter on September 27, 2019. On that same day, the court issued Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing, and permitted counsel to withdraw. Appellant did not file a response to the Rule 907 notice. On October 21, 2019, the court denied PCRA relief. Appellant filed a notice of appeal on February 19, 2020.[3] The court ordered Appellant to file a Pa.R.A.P. 1925(b)

_____

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] Appellant filed his notice of appeal beyond the 30-day deadline. **See** Pa.R.A.P. 903(a) (providing notice of appeal "shall be filed within 30 days after the entry of order from which the appeal is taken"). This Court generally has no authority to extend the time for filing a notice of appeal. **See** Pa.R.A.P. 105(b) (explaining that "appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing the act, or may permit an act to be done after the expiration of such time, but a court may not enlarge the time for filing a notice of appeal ...."). Nevertheless, it has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to that general rule. **See, e.g., Commonwealth v. Braykovich**, 664 A.2d 133, 136-38 (Pa.Super. 1995) (discussing cases and holding failure of clerk of courts to advise appellant that his post-sentence motion had been denied by operation of law excused late-filed appeal). **See also**

concise statement of errors complained of on appeal on February 24, 2020, and Appellant filed it on March 12, 2020.

Appellant raises the following issues for our review:

> Did the PCRA Court commit error in denying [A]ppellant relief in the form of a new trial on the basis of ineffective assistance of trial/guilty plea counsel, which as a result of puffery, lack of investigation/preparation and competent strategy, induced him to enter a guilty plea with illegal terms and shared misapprehensions?
>
> Did the PCRA Court err by not allowing [A]ppellant to withdraw his plea, knowing it imposed an illegal sentence under a shared misapprehension and illegal term in the plea agreement?

(Appellant's Brief at vi).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if

---

*Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa.Super. 2016) (declining to quash appeal as untimely due to breakdown in court operations that occurred when trial court failed to ensure that appellant was correctly advised of appellate rules). Here, the docket sheet indicates that the Allegheny County Clerk of Courts did not serve the Commonwealth or PCRA counsel with the court's order until January 9, 2020. Additionally, Appellant has provided this Court with documentation that he was not actually served with the PCRA court's order until January 30, 2020. Under these circumstances, the record demonstrates a breakdown in the operations of the court that excuses Appellant's facially untimely filing, and we decline to quash the appeal. *See id.* Therefore, we will address the merits of his appeal.

- 4 -

the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012).

For purposes of disposition, we combine Appellant's issues. Appellant argues plea counsel was ineffective in connection with his negotiated plea agreement. Appellant alleges that in exchange for his plea to third-degree murder **only**, the Commonwealth agreed to *nolle prosequi* all other charges. Appellant reasons that his plea was unknowing, unintelligent, and involuntary due to counsel's failure to object to Appellant's plea and subsequent sentencing on all the additional charges. Appellant avers that this claim has merit, and plea counsel did not have a rational basis for failing to object to his plea. Further, Appellant contends plea counsel was ineffective for failing to challenge the imposition of his separate convictions and sentences for third-degree murder and attempted first-degree murder as violating the double jeopardy clause. Finally, Appellant claims plea counsel was ineffective for failing to file a post-sentence motion to withdraw his plea and failing to file a direct appeal.[4] Appellant concludes plea counsel was ineffective and this Court

---

[4] Appellant also alleges PCRA counsel's ineffectiveness. Nevertheless, any challenge to PCRA counsel's representation is waived for failing to assert it in his response to the Rule 907 notice. ***See Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super. 2014) (explaining that where PCRA petitioner does not seek leave to amend his petition after counsel has filed ***Turner***/***Finley*** no-

should vacate the order denying PCRA relief, permit Appellant to withdraw his negotiated plea, and remand for trial. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*. Further, "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis

merit letter, PCRA court is under no obligation to address new issues; petitioner must preserve challenge to PCRA counsel's effectiveness by responding to Rule 907 notice or raising issue while PCRA court retains jurisdiction). Further, Appellant did not preserve his challenge to PCRA counsel's effectiveness in his Rule 1925(b) statement, so it is waived on that basis as well. *See* Pa.R.A.P. 1925(b)(4)(vii) (stating issues not included in concise statement are waived). *See also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in lower court are waived and cannot be raised for first time on appeal.").

for the assertion of ineffectiveness is of arguable merit...." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." ***Commonwealth v. Sneed***, 616 Pa. 1, 19, 45 A.3d 1096, 1107 (2012).

> A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued.

***Id.*** at 19-20, 45 A.3d at 1107 (internal citations and quotation marks omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

- 7 -

outcome. In [**Kimball, supra**], we held that a criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Commonwealth v. Chambers**, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (internal citations and quotation marks omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.** Pennsylvania law does not require the defendant to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." **Id.** at 528-29. A guilty plea will be deemed valid if the record demonstrates the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. **Commonwealth v. Rush**, 909 A.2d 805, 808 (Pa.Super. 2006).

Pennsylvania law presumes the defendant is aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. **Commonwealth v. Pollard**, 832 A.2d 517, 523 (Pa.Super. 2003). "A person who elects to plead guilty is bound by the statements he

makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Id.***

Additionally:

> [P]ost-sentence motions for withdrawal [of a guilty plea] are subject to higher scrutiny [than pre-sentence motions to withdraw a plea] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.

***Commonwealth v. Kehr***, 180 A.3d 754, 756-57 (Pa.Super. 2018) (citation omitted). "[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa.Super. 2002), *appeal denied*, 569 Pa. 717, 806 A.2d 859 (2002) (internal citation omitted).

With respect to counsel's purported failure to file a direct appeal:

> Our Supreme Court has held that where "there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. Such an oversight constitutes prejudice and *per se* ineffectiveness under the PCRA. However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [an a]ppellant must prove that he requested an appeal and that counsel disregarded this request."

***Commonwealth v. Mojica***, 242 A.3d 949, 955 (Pa.Super. 2020) (internal

citations omitted).

Further, our Supreme Court has held "that the imposition of multiple sentences upon a defendant whose single unlawful act injures multiple victims is legislatively authorized and, consequently, does not violate the double jeopardy clause of the Fifth Amendment." *Commonwealth v. Frisbie*, 506 Pa. 461, 467, 485 A.2d 1098, 1101 (1984).

Instantly, the record belies Appellant's claim that the Commonwealth would *nolle prosequi* all the remaining charges in exchange for Appellant's plea to third-degree murder. (*See* N.T. Plea Hearing at 9). The court specifically stated: "The Commonwealth has agreed for [Appellant] to plead to murder in the third degree, Count 1, and then the remaining charges on the Information." (*Id.*) Further, the court explained in detail all the charges and potential sentences pursuant to the plea agreement. (*Id.*)

At the plea hearing, Appellant agreed to the detailed factual basis the Commonwealth stated on the record. (*Id.* at 19-42). Additionally, Appellant completed and signed an extensive written plea colloquy, containing the following questions and answers:

> 6. Have you discussed with your attorney the elements of each charged offense? <u>Yes</u>.
>
> 7. Have you discussed with your attorney the factual basis of each charged offense? <u>Yes</u>.
>
> 8. Have you discussed with your attorney how the facts in your case prove the elements of each charged offense? <u>Yes</u>.

(Written Guilty Plea Colloquy, 7/17/18, at 2). Appellant is bound by the

- 10 -

statements he made in the written and oral plea colloquies. ***See Pollard, supra***.

Further, in exchange for his plea, the Commonwealth withdrew the charges of first-degree murder and second-degree murder which each were punishable with a term of imprisonment of life without the possibility of parole. (***Id.*** at 4). Under these circumstances, counsel had a reasonable basis for advising Appellant to accept the plea. ***See Kimball, supra***.

Appellant's argument challenging the legality of his sentence for his convictions of third-degree murder and attempted first-degree murder is similarly without merit. Appellant pled guilty to third-degree murder for the criminal homicide of Dersean Alberty. (N.T. Plea Hearing at 7). Appellant entered a *nolo contendere* plea to attempted first-degree murder of Karron Alberty. (***Id.*** at 8). Because Appellant committed two separate crimes against two separate victims, his corresponding convictions and sentences for these crimes did not violate the double jeopardy clause. ***See Frisbie, supra***.

Regarding Appellant's claim that plea counsel was ineffective for failing to file a post-sentence motion to withdraw his plea and failing to file a direct appeal, Appellant has failed to establish that he informed counsel of his intent to withdraw his plea. Appellant also failed to demonstrate prejudice, namely, that the court would have granted a post-sentence motion to withdraw his plea—particularly, where the plea was negotiated and Appellant received the benefit of his bargain. Indeed, Appellant fails to even acknowledge the

"manifest injustice" standard required to withdraw a plea post-sentencing. *See Kehr, supra*. Likewise, Appellant offers no evidence to establish that he asked counsel to file an appeal on his behalf.[5] *See Mojica, supra*. For these reasons, Appellant's ineffectiveness claims fail. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2021

---

[5] Plea counsel also had no duty to consult with Appellant about whether he wanted to file an appeal where Appellant entered a negotiated plea agreement and received the benefit of his bargain. *See Commonwealth v. McDermitt*, 66 A.3d 810 (Pa.Super. 2013) (explaining counsel has constitutional duty to consult with defendant about filing appeal where counsel has reason to believe rational defendant would want to appeal (because there are non-frivolous grounds for appeal) or that defendant reasonably demonstrated to counsel that he was interested in appealing).